## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

| | |
|---|---|
| Branden Lavar Trapp, | |
| Plaintiff, | |
| v. | Case No.: 23-cv-13061-MFL-DPG |
| Maximus Education, LLC;<br>Oportun, Inc.;<br>Experian Information Solutions, Inc.;<br>Trans Union LLC; and<br>Equifax Credit Information Services,<br>Inc., | Hon. Matthew F. Lightman<br>Magistrate Judge David R. Grand |
| Defendants. | |

## OPORTUN, INC.'S ANSWER TO AMENDED COMPLAINT

Oportun, Inc. ("Oportun" or "Defendant") answers Plaintiff's Amended Complaint as follows:

### I.    INTRODUCTORY  STATEMENT

1.    Plaintiff, Branden Lavar Trapp, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Credit Reporting Act.

**ANSWER NO. 1:  Oportun admits only that Plaintiff Branden Lavar Trapp ("Plaintiff") asserts claims under the Fair Credit Reporting Act. Oportun denies that it violated the FCRA, or any other laws, and denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against**

Oportun. Except as so admitted, Oportun denies the remaining allegations in this Paragraph.

## II.    JURISDICTION & VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and/or 28 U.S.C. § 1337.

**ANSWER NO. 2:  Oportun does not contest jurisdiction as to Plaintiff. Oportun denies any unlawful conduct occurred in this jurisdiction or elsewhere. Oportun is without sufficient information or knowledge to form a belief as to the truth or falsity of any remaining allegations in this Paragraph and therefore denies them.**

3.    Venue lies properly in this district pursuant to 28 U.S.C § 1391(b).

**ANSWER NO. 3:  Oportun does not contest venue as to Plaintiff but denies that this is the proper forum for his claim against Oportun because it is subject to a valid and binding arbitration agreement. Oportun denies that any unlawful conduct occurred in this venue or elsewhere.**

## III.    PARTIES

4.    Plaintiff, Branden Lavar Trapp (hereinafter referred to as "Plaintiff") is an adult natural person residing at 10870 Marne Street, Detroit, Wayne County, Michigan 48224.

**ANSWER NO. 4:  The allegations contained in this Paragraph are not asserted against Oportun and therefore require no response. If a response is required, upon information and belief, Oportun admits the allegations in this Paragraph.**

5.      Defendant, Maximus Education, LLC d/b/a Aidvantage (hereinafter referred to as "Defendant AID"), at all times relevant hereto, is and was a company engaged in the business of consumer lending. Defendant AID has a Michigan registered office located at 3410 Belle Chase Way, STE 600 in Lansing, MI 48911.

**ANSWER NO. 5:  The allegations contained in this Paragraph are not asserted against Oportun and therefore require no response. Further, Oportun is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in this Paragraph and therefore denies them.**

6.      Defendant, Oportun, Inc. (hereinafter referred to as "Defendant OPI"), at all times relevant hereto, is and was a company engaged in the business of consumer lending. Defendant OPI was formed in Delaware and has a principal address of 2 Circle Star Way, Suite 300, San Carlos, CA 94070.

**ANSWER NO. 6:  Oportun admits that it is a Delaware corporation with a principal address of 2 Circle Star Way, Suite 300, San Carlos, CA 94070 and**

**that it engages in consumer lending. Oportun denies the remaining allegations in this Paragraph.**

7.      Defendant, Experian Information Solutions, Inc. (hereinafter referred to as "Defendant EIS"), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting. Defendant EIS has a Michigan Resident Agent name and address as The Corporation Company, 40600 Ann Arbor Rd E Ste 201, Plymouth, MI 48170.

**ANSWER NO. 7:  The allegations contained in this Paragraph are not asserted against Oportun and therefore require no response. Further, Oportun is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in this Paragraph and therefore denies them.**

8.      Defendant, Trans Union LLC (hereinafter referred to as "Defendant TRU"), at all times relevant hereto, is and was a limited liability company engaged in the business of nationwide consumer reporting. Defendant TRU is a Delaware Limited Liability Company with its principal place of business in Chicago, Illinois.

**ANSWER NO. 8:  The allegations contained in this Paragraph are not asserted against Oportun and therefore require no response. Further, Oportun is without sufficient information or knowledge to form a belief as to**

**the truth or falsity of the allegations contained in this Paragraph and therefore denies them.**

9.      Defendant, Equifax Information Services, LLC. (hereinafter referred to as "Defendant EQU"), at all times relevant hereto, is and was a limited liability company engaged in the business of nationwide consumer reporting with its principal place of business in Atlanta, GA.

**ANSWER NO. 9:  The allegations contained in this Paragraph are not asserted against Oportun and therefore require no response. Further, Oportun is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in this Paragraph and therefore denies them.**

## IV.   <u>FACTUAL ALLEGATIONS</u>

10.     Defendants AID and OPI have been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendants TRU, EIS, and EQU regarding alleged account numbers for AID as 91780971681E0012009 and/or 0091, and alleged account numbers of OPI as 0095, or 48200, or 482.

**ANSWER NO. 10:  To the extent the allegations in this Paragraph are asserted against Oportun, Oportun denies. Oportun affirmatively alleges that the Oportun account numbers alleged relate to a single Oportun account. The remaining allegations contained in this Paragraph asserted against the other**

**Defendants are not asserted against Oportun, and therefore, require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit or deny the remaining allegations contained in the Paragraph, and therefore denies them.**

11.     The information furnished by Defendants AID and OPI and published by Defendants TRU, EIS, and EQU is and was inaccurate, in that, the Defendant AID account is reporting an inaccurate balance and Opening Date, and the Defendant OPI is reporting an inaccurate Balance, Status.

**ANSWER NO. 11:  To the extent the allegations in this Paragraph are asserted against Oportun, Oportun denies that it furnished inaccurate information regarding Plaintiff's Oportun account to the identified credit reporting agencies and denies all allegations in this Paragraph asserted against Oportun. The remaining allegations contained in this Paragraph are not asserted against Oportun, and therefore, require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit or deny the remaining allegations contained in the Paragraph, and therefore denies them.**

12.     On or around 10/23/2023, Plaintiff disputed the accuracy of the trade lines of Defendants AID and OPI with Defendants AID, OPI, and EQU.

**ANSWER NO. 12:  To the extent the allegations in this Paragraph are asserted against Oportun, upon information and belief, Oportun admits only that Plaintiff sent a letter to Oportun dated October 23, 2023. Oportun however denies reporting any inaccurate information to the credit reporting agencies and denies the remaining allegations against Oportun. The remaining allegations contained in this Paragraph are not asserted against Oportun, and therefore require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit or deny the remaining allegations contained in the Paragraph, and therefore denies them.**

13.     On or around 11/02/2023, Plaintiff disputed the accuracy of the trade lines of Defendants AID and OPI with Defendants TRU and EIS.

**ANSWER NO. 13:  The allegations contained in this Paragraph are not asserted against Oportun, and therefore require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit or deny the allegations contained in the Paragraph, and therefore denies them.**

14.     In Plaintiff's disputes with Defendants AID, OPI, TRU, EIS, and EQU (hereinafter collectively "Defendants"), he advised the Defendants that he noticed

the accounts for Defendants AID and OPI were reporting inaccurately on his credit reports, and he requested the accounts to be investigated and/or reinvestigated.

**ANSWER NO. 14:  To the extent the allegations in this Paragraph are asserted against Oportun, Oportun admits only that Plaintiff's October 23, 2023 letter to Oportun generally disputed the accuracy of the reporting of his account and requested an investigation. Oportun denies any remaining allegations asserted against it. The remaining allegations contained in this Paragraph are not asserted against Oportun, and therefore require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit or deny the remaining allegations contained in the Paragraph, and therefore denies them.**

15.    Defendants received Plaintiff's disputes.

**ANSWER NO. 15:  To the extent the allegations in this Paragraph are asserted against Oportun, Oportun admits that it received certain notice from the credit reporting agencies regarding Plaintiff's disputes. The remaining allegations in this Paragraph are not asserted against Oportun and therefore require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit or deny the remaining allegations contained in the Paragraph, and therefore denies them.**

16.     It is believed and therefore stated that Defendants TRU, EIS, and EQU also notified Defendants AID and OPI of Plaintiff's disputes.

**ANSWER NO. 16:  To the extent the allegations in this Paragraph are asserted against Oportun, Oportun admits that it received certain notice from the credit reporting agencies regarding Plaintiff's disputes. The remaining allegations in this Paragraph are not asserted against Oportun and therefore require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit or deny the remaining allegations contained in the Paragraph, and therefore denies them.**

17.     Notwithstanding Plaintiff's efforts, and following Plaintiff's disputes, Defendants TRU and EIS indicated their intent to continue publishing the inaccurate information, and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors.

**ANSWER NO. 17: The allegations contained in this Paragraph are not asserted against Oportun, and therefore require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit or deny the allegations contained in the Paragraph, and therefore denies them.**

18.     Notwithstanding Plaintiff's efforts, and following Plaintiff's disputes, Defendant AID indicated their intent to continue furnishing the inaccurate

information, and Defendant AID continued to furnish and disseminate such inaccurate information to TRU, EIS, and EQU.

**ANSWER NO. 18:  The allegations contained in this Paragraph are not asserted against Oportun, and therefore require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit or deny the allegations contained in the Paragraph, and therefore denies them.**

19.    Notwithstanding Plaintiff's efforts, and following Plaintiff's disputes, Defendants EQU and OPI failed or refused to investigate, and Plaintiff never received updated investigation results.

**ANSWER NO. 19:  To the extent the allegations in this Paragraph are asserted against Oportun, Oportun denies. The remaining allegations in this Paragraph are not asserted against Oportun and therefore require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit or deny the remaining allegations contained in the Paragraph, and therefore denies them.**

20.    Defendants have never: (1) contacted Plaintiff to follow up on, verify, and/or elicit more specific information about Plaintiff's disputes; nor (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes.

**ANSWER NO. 20:  To the extent the allegations are asserted against Oportun, Oportun denies. The remaining allegations in this Paragraph are not asserted against Oportun and therefore require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit or deny the remaining allegations contained in the Paragraph, and therefore denies them.**

21.    Despite Plaintiff's exhaustive efforts to date, Defendants nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information, and have continued to report the derogatory inaccurate information about Plaintiff.

**ANSWER NO. 21:  To the extent the allegations are asserted against Oportun, Oportun denies. The remaining allegations in this Paragraph are not asserted against Oportun and therefore require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit or deny the remaining allegations contained in the Paragraph, and therefore denies them.**

22.     Defendants TRU, EIS, and EQU (collectively, ''the Credit Reporting Agencies'') failed to maintain and follow reasonable procedures before, during, and after Plaintiff's above-referenced disputes, thereby injuring Plaintiff.

**ANSWER NO. 22:  The allegations in this Paragraph are not asserted against Oportun and therefore require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit or deny the allegations contained in the Paragraph, and therefore denies them.**

23.     The Credit Reporting Agencies' investigation of Plaintiff's above-referenced disputes, at best, consisted of mere parroting of information from unreliable sources, namely, Defendants AID and OPI.

**ANSWER NO. 23:  The allegations in this Paragraph are not asserted against Oportun and therefore require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit or deny the allegations contained in the Paragraph, and therefore denies them.**

24.     Following Plaintiff's above-referenced disputes, Defendants AID and OPI failed to comply with the requirements imposed upon furnishers of information under the FCRA, thereby injuring Plaintiff.

**ANSWER NO. 24:  To the extent the allegations are asserted against Oportun, Oportun denies. The remaining allegations in this Paragraph are not asserted against Oportun and therefore require no response. To the extent a response**

**is required, Oportun is without knowledge or information sufficient to admit or deny the remaining allegations contained in the Paragraph, and therefore denies them.**

25.     As of the date of filing of this Amended Complaint, Defendant AID and OPI continue to furnish credit data which is incorrect and materially misleading, and Defendants TRU, EIS, and EQU reporting of the above-referenced trade lines continues to be incorrect and materially misleading.

**ANSWER NO. 25:  To the extent the allegations are asserted against Oportun, Oportun denies. The remaining allegations in this Paragraph are not asserted against Oportun and therefore require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit or deny the remaining allegations contained in the Paragraph, and therefore denies them.**

26.     The Defendants acted with actual malice in willfully continuing to report incorrect and misleading information on Plaintiff's credit report, all to Plaintiff's detriment and loss.

**ANSWER NO. 26:  To the extent the allegations are asserted against Oportun, Oportun denies. The remaining allegations in this Paragraph are not asserted against Oportun and therefore require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit**

**or deny the remaining allegations contained in the Paragraph, and therefore**

**denies them.**

27.    Defendants' erroneous reporting continues to affect the Plaintiff's

creditworthiness and credit score.

**ANSWER NO. 27:  To the extent the allegations are asserted against Oportun,**

**Oportun denies. The remaining allegations in this Paragraph are not asserted**

**against Oportun and therefore require no response. To the extent a response**

**is required, Oportun is without knowledge or information sufficient to admit**

**or deny the remaining allegations contained in the Paragraph, and therefore**

**denies them.**

28.    As a result of Defendants' actions and inactions, Plaintiff's credit has

deteriorated substantially, thereby causing Plaintiff to be denied credit with

AmeriCredit, Chase, Credit One, and other creditors, and to refrain from applying

for additional credit.

**ANSWER NO. 28:  To the extent the allegations are asserted against Oportun,**

**Oportun denies. The remaining allegations in this Paragraph are not asserted**

**against Oportun and therefore require no response. To the extent a response**

**is required, Oportun is without knowledge or information sufficient to admit**

**or deny the remaining allegations contained in the Paragraph, and therefore**

**denies them.**

29.    As a result of Defendants' actions and inactions, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to postage, notary signature, gas, printing cost, and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

**ANSWER NO. 29:  To the extent the allegations are asserted against Oportun, Oportun denies. The remaining allegations in this Paragraph are not asserted against Oportun and therefore require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit or deny the remaining allegations contained in the Paragraph, and therefore denies them.**

30.    As a result of Defendants' actions and inactions, Plaintiff has suffered great physical, emotional, and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

**ANSWER NO. 30:  To the extent the allegations are asserted against Oportun, Oportun denies. The remaining allegations in this Paragraph are not asserted against Oportun and therefore require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit**

**or deny the remaining allegations contained in the Paragraph, and therefore**

**denies them.**

31.     As a result of Defendants' actions and inactions, Plaintiff has suffered a

decreased credit score as a result of the inaccurate information and multiple

inquiries appearing on Plaintiff's credit file.

**ANSWER NO. 31:  To the extent the allegations are asserted against Oportun,**

**Oportun denies. The remaining allegations in this Paragraph are not asserted**

**against Oportun and therefore require no response. To the extent a response**

**is required, Oportun is without knowledge or information sufficient to admit**

**or deny the remaining allegations contained in the Paragraph, and therefore**

**denies them.**

**COUNT I-FCRA**
*Plaintiff v. All Parties*

32.     Plaintiff incorporates the foregoing paragraphs as though the same were set

forth at length herein.

**ANSWER NO. 32:  Oportun incorporates its responses to all the foregoing**

**paragraphs as if fully set forth herein.**

33.     At all times pertinent hereto, Defendants TRU, EIS, and EQU were

"consumer reporting agencies" as those terms are defined by 15 U.S.C. § 168la(b)

and (f).

**ANSWER NO. 33: This Paragraph contains legal conclusions to which no response is required. Further, the allegations in this Paragraph are not asserted against Oportun and therefore require no response. To the extent a response is required, Oportun admits only upon information and belief that these Defendants are consumer reporting agencies. Oportun is without knowledge or information sufficient to admit or deny the remaining allegations contained in the Paragraph, and therefore denies them.**

34.    At all times pertinent hereto, Defendants AID and OPI were a "furnisher" within the meaning and context of the Fair Credit Reporting Act.

**ANSWER NO. 34: This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, upon information and belief, Oportun admits the allegations contained in this Paragraph.**

35.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER NO. 35: This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Oportun admits only that Plaintiff is a "consumer" as defined by the FCRA.**

36.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 168la(d).

**ANSWER NO. 36:  This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Oportun is without knowledge or information sufficient to admit or deny the remaining allegations contained in the Paragraph, and therefore denies them.**

37.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 16810, Defendants TRU, EIS, and EQU are liable to the Plaintiff for engaging in the following conduct:

    (a)     Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 168li(a);

    (b)     Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b);

    (c)     Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

    (d)     Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified.

**ANSWER NO. 37:  The allegations in this Paragraph are not asserted against Oportun and therefore require no response. To the extent a response is required, Oportun is without knowledge or information sufficient to admit or deny the allegations contained in the Paragraph, and therefore denies them.**

38.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 16810, Defendants AID and

OPI are liable to the Plaintiff for willfully and negligently failing to comply with

the requirements imposed on furnishers of information pursuant to 15 U.S.C. §

1681s-2(b).

**ANSWER NO. 38:  To the extent the allegations are asserted against Oportun,**

**Oportun denies. The remaining allegations in this Paragraph are not asserted**

**against Oportun and therefore require no response. To the extent a response**

**is required, Oportun is without knowledge or information sufficient to admit**

**or deny the remaining allegations contained in the Paragraph, and therefore**

**denies them.**

39.     The conduct of Defendants was a direct and proximate cause, as well as a

substantial factor, in bringing about the serious injuries, actual damages, and harm

to the Plaintiff that are outlined more fully above and, as a result, Defendants are

liable to the Plaintiff for the full amount of statutory, actual and punitive damages,

along with the cost of litigation, as well as such further relief, as may be permitted

by law.

**ANSWER NO. 39:  To the extent the allegations are asserted against Oportun,**

**Oportun denies. The remaining allegations in this Paragraph are not asserted**

**against Oportun and therefore require no response. To the extent a response**

**is required, Oportun is without knowledge or information sufficient to admit**

**or deny the remaining allegations contained in the Paragraph, and therefore**

**denies them.**

## V.     JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**RESPONSE TO JURY DEMAND:  Oportun admits only that Plaintiff**

**demands a jury. Oportun lacks knowledge or information sufficient to form** a

belief about the truth of any remaining allegations in this Paragraph and therefore

denies them.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's alleged damages, if any, were not caused by any action by

Oportun but were caused by the negligent, intentional, fraudulent, or otherwise,

actions of Plaintiff or others over whom Oportun had no control and for whose

actions Oportun is not responsible.

### Second Defense

Plaintiff failed to effect sufficient service of process upon Oportun, and

therefore, this Court lacks personal jurisdiction over Oportun.

### Third Defense

Plaintiff fails to state a claim against Oportun upon which relief can be

granted. Plaintiff's claim fails, in part, because Oportun conducted reasonable

investigations into the credit disputes and it was not reporting inaccurate information.

### Fourth Defense

Plaintiff's own actions contributed to any damages alleged in the Complaint.

### Fifth Defense

Plaintiff's claim is subject to an Arbitration Agreement. By answering the Amended Complaint, Oportun does not waive the right to compel arbitration pursuant to this Agreement.

### Sixth Defense

Plaintiff's claims are barred by the doctrines of waiver, laches, or estoppel.

### Seventh Defense

Plaintiff failed to mitigate his damages, if any.

### Eighth Defense

Plaintiff's claim may be barred, in whole or in part, by applicable statute of limitation.

Oportun reserves the right to assert any additional affirmative defense that may become available as the result of further discovery in this lawsuit.

**ACCORDINGLY**, for all of the reasons stated herein, Defendant Oportun respectfully requests that judgment be entered in its favor dismissing this action

with prejudice, denying all of the relief requested, and granting it such further

relief as the Court deems appropriate.

       Dated: February 20, 2024

                     Respectfully submitted,

                     /s/Thomas J. Cedoz
                     Thomas J. Cedoz (P82094)
                     HUSCH BLACKWELL LLP
                     28175 Haggerty Rd, #110
                     Novi, MI 48377
                     Telephone: 419.607.3107
                     Facsimile: 414.223.5000
                     Tom.cedoz@huschblackwell.com
                     Attorneys for Oportun, Inc.